```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **MERLIN J. VOGEL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7489** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | **SECTION B(5)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 3). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **DENIED**.

### *BACKGROUND*

On August 29, 2005 Plaintiffs allegedly sustained damage to their property as a result of hurricane wind and wind-driven rain. In September of 1993, Plaintiffs' purchased a homeowners insurance policy from State Farm Fire And Casualty Company ("State Farm") through insurance agent Wayne Leone. Plaintiffs renewed the policy every year thereafter. Plaintiffs' homeowners policy was in full force and effect on August 29, 2005.

On August 29, 2006, Plaintiffs filed suit against State Farm and Wayne Leone in the Civil District Court for the Parish of Orleans. Defendant State Farm is a foreign insurance corporation and Defendant Wayne Leone is a citizen of Louisiana. Plaintiffs

1

allege State Farm failed to fully tender compensation for claims made under Plaintiffs' homeowner's insurance policy following Hurricane Katrina. Plaintiffs further allege that their insurance agent, Defendant Wayne Leone, negligently failed to timely renew petitioners' coverage, negligently failed to recommend an increase in the amount or type of coverage, and performed other negligent acts "which may be demonstrated at trial."[1] Defendant State Farm removed the matter to federal court claiming federal jurisdiction exists pursuant to diversity of citizenship and federal question jurisdiction.

State Farm contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. State Farm argues that Wayne Leone was improperly joined as a defendant as all claims against Wayne Leone are perempted under Louisiana Revised Statute 9:5606. State Farm further contends that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMTJA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Plaintiffs contend Wayne Leone was properly joined as a defendant and, as such, complete diversity does not exist between proper parties. Further, Plaintiffs contend MMTJA is not

---

[1]Plaintiffs" Petition For Damages, ¶ 13.

applicable. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

***DISCUSSION***

**A.   Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

3

*Id* at 573.  A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.*  However, the summary inquiry is appropriate only to identify discrete undisputed facts to discern whether plaintiff's recovery against the non-diverse defendant is precluded.  *Id.*  "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

   La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

>     No action for damages against any insurance
>     agent, broker, solicitor, or other similar
>     licensee under this state, whether based upon
>     tort, or breach of contract, or otherwise,
>     arising out of an engagement to provide
>     insurance services shall be brought unless
>     filed in a court of competent jurisdiction and
>     proper venue within one year from the date of
>     the alleged act, omission, or neglect, or
>     within one year from the date that the alleged
>     act, omission, or neglect is discovered or
>     should have been discovered. However, even as
>     to actions filed within one year from the date

>of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Insurance policy renewals do not restart peremption. *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006). "However, renewals can be the basis for separate torts if the complained of conduct constitutes separate distinct acts, which give rise to immediately apparent damages." *Laporte v. Ray Cavignac Ins. Agency, LLC.*, 2006 WL 3469556 *3(E.D.La. 2006)(citing *Biggers v. Allstate Ins. Co.*, 886 So.2d 1179, 1182 (La.App. 5 Cir. 10/26/04). Plaintiffs must prove justifiable reliance on the insurance agent's alleged negligent misrepresentations at the time of renewal to restart the peremptive period. *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *11 (E.D.La. 2006)(citing *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n. 38; *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1131 n. 33 (5th Cir. 1988), *vacated on other grounds*, 492 U.S. 914 (1989).

Wayne Leone procured Plaintiffs' original policy in 1993. Therefore, Plaintiffs' claims regarding Wayne Leone's acts or omissions related to the procurement of insurance are perempted in accordance with the three-year peremptive period in La. Rev. Stat. Ann. § 9:5606.

Plaintiffs aptly note that the Petition fails to specify when

Wayne Leone's alleged negligent acts occurred.  However, Plaintiffs erroneously conclude that the lack of specificity in the Petition precludes the Court from determining whether Plaintiffs' claims are preempted.

In *Laporte*, the court noted that Plaintiffs failed to make any allegations regarding their renewed reliance on post-procurement statements made by the insurance agent.  *Laporte v. Ray Cavignac Ins. Agency, LLC.*, 2006 WL 3469556 *3(E.D.La. 2006).  Therefore, the Court held that there was no basis to restart the peremptive period and any procurement claims against the insurance agent were perempted.  *Id*.

Similarly, Plaintiffs made no allegations of their renewed reliance on Wayne Leon's post-procurement statements.  Therefore, the Court finds no basis for restarting the peremptive period.

The Court considered uncontested evidence that Wayne Leone's last contact with Plaintiffs occurred on or about July 17, 2003. Even in the light most favorable to Plaintiffs, Plaintiffs' claims are barred by peremption pursuant to La. Rev. Stat. Ann. § 9:5606. Therefore, Defendant Wayne Leone was improperly joined and diversity of citizenship exists between proper parties.

Finding that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332, the issue of whether jurisdiction exists pursuant to

28 U.S.C. §§ 1369 and 1441(e)(1)(B) is dispensable.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **DENIED**.[2]

New Orleans, Louisiana this 18th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[2]This case is distinguishable from *Henley v. State Farm Fire And Casualty*, No. 06-8863 (E.D. La. January 17, 2007)(holding that the defendant insurance agent was not improperly joined and granting plaintiff's motion to remand).  In *Henley*, Plaintiffs alleged that the agent failed to procure requested insurance and misrepresented the extent of coverage within three years prior to filing the subject suit.  Here, Plaintiffs failed to state a valid cause of action against Defendant Leone and failed to allege any acts omissions or neglect occurred within the peremptive period.

7